

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHERYL KING VANSANT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:14-02271-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND REVERSING AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that this matter be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 11, 2016, and Defendant filed a reply on January 13, 2016, stating that she would not be filing any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that this matter is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Specifically, the ALJ is to properly develop the record and consider the side effects caused by the Plaintiff's treatment for her interstitial lung disease.

**IT IS SO ORDERED**.

Signed this 15th day of January, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE